# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| United States Of America, | ) | |
| | ) | Criminal Action No. 6:12-cr-00328-JMC-4 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Julio Ontiveros, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on the United States of America's ("the Government") Motion in Limine to Exclude Any Reference to Possible Penalties (EFC No. 459) requesting that the court exclude any reference at trial to possible penalties and/or sentences Defendant Julio Ontiveros ("Ontiveros") will face upon his conviction. The Government also seeks to exclude any references to penalties and/or sentences already imposed on or faced by cooperating witnesses. For the reasons discussed below, the court grants the Government's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

Ontiveros was indicted by a Federal Grand Jury on February 12, 2013. He was indicted on one count of conspiracy to possess with the intent to distribute 5 kilograms or more of cocaine, 500 grams or more of a substance or mixture containing a detectable amount of methamphetamine, 1 kilogram or more of heroin, and 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B) and two counts of knowingly and intentionally using a communication facility to facilitate a felony under the Controlled Substances Act. The Government contends that if convicted of Count 1, the most serious

1

offense, Ontiveros is subject to a penalty of a minimum sentence of ten years (10), twenty (20) years imprisonment, or life imprisonment.  *See* 21 U.S.C. § 841(b)(1)(A).

The Government anticipates calling cooperating defendant(s) as witnesses against Ontiveros, all of whom face penalties within ranges similar to those applicable to Ontiveros.  The Government seeks to exclude any reference to Ontiveros' potential sentence on the grounds that a sympathetic jury could potentially hesitate to find Ontiveros guilty if they viewed those potential sentences as extreme.  The Government also seeks to exclude references to the sentences already imposed on or potentially facing cooperating witnesses because such information would allow a jury to infer Ontiveros' potential sentence.

## DISCUSSION

The Confrontation Clause of the Sixth Amendment to the Constitution provides that a person accused in a criminal prosecution is guaranteed the right to confront witnesses against him.  U.S. Const. amend. XI.  However, the United States Supreme Court has recognized that "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant."  *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). The United States Court of Appeals for the Fourth Circuit has recognized one such reasonable limit to cross-examination in *United States v. Cropp*, 127 F.3d 354, 358 (4th Cir. 1997), in which the court found that a trial court did not abuse its discretion in preventing defense counsel from questioning the defendant's co-conspirators in a drug distribution scheme about the specific penalties they hoped or expected to receive in exchange for cooperating with the Government. Instead, the court allowed defense counsel to inquire as to whether the co-conspirators signed

plea agreements, whether they anticipated a "severe penalty" prior to cooperation, and whether they expected to receive a lesser sentence for cooperating. *Id.* On appeal, the Fourth Circuit affirmed the district court's decision to limit references to the specific sentences witnesses believed or hoped they would receive in exchange for their cooperation. *Id.* The court agreed with "the district court's concern that the jury might 'nullify' its verdict if it knew the extreme penalties faced by the appellants." *Id*. The court reasoned that "whatever slight additional margin of probative information gained by quantitative questions" about the length of potential sentences hoped for had to be weighed against "certain prejudice that would result from a sympathetic jury when it learns that its verdict of guilty will result in sentences of ten and twenty years in prison." *Id.* at 359.

The Fourth Circuit has consistently found, in accordance with *Cropp*, that a court does not abuse its discretion in limiting cross-examination of witnesses about the perceived or actual sentences they would have faced had they not cooperated. *See United States v. Johnson*, 363 F. App'x 247, 249 (4th Cir. 2010) (per curiam) (unpublished) (district court permissibly restricted questioning of cooperating witness as to the actual sentence an additional gun charge would have carried); *United States v. Shelton*, 200 F. App'x 219, 220-21 (4th Cir. 2006) (per curiam) (unpublished) ("Restricting counsel from delving into the particular details of the potential sentences each witness could have, but did not necessarily face" was an appropriate use of the court's discretion.); *United States v. Givens*, 200 F. App'x 213 (4th Cir. 2006) (per curiam) (unpublished) (finding no abuse of discretion in limiting cross-examination of two witnesses about the length of the sentences they received); *cf. United States v. Brown*, 201 F.3d 437 (4th Cir. 1999 (per curiam) (unpublished) (finding harmless any error the district court may have

3

committed when it prevented defense counsel from asking the government's witnesses how they thought their plea agreements would impact the mandatory sentences they faced).

The Government contends that the relevant facts in this case are similar to the facts in *Cropp* since the cooperating defendants who will testify against Ontiveros face similar penalties. As a result, the Government argues that this court should similarly exclude questions about the specific sentences of cooperating witness to avoid the potential for prejudice that would result from the jury inferring the potential sentence faced by Ontiveros.

*Cropp* addresses the issue of whether preventing a defendant's inquiry into a cooperating witness's actual sentence also prevents the defendant from exploring that witness's potential bias. The *Cropp* court cited with approval *United States v. Luciano-Mosquera*, 63 F.3d 1142, 1153 (1st Cir. 1995), in which the First Circuit Court of Appeals found the trial court did not abuse its discretion when it limited defense counsel's inquiry into the actual sentence faced by a co-conspirator convicted on the same firearms charge as the defendant. The court found the inquiry was "an impermissible attempt to inform the jury about the defendant's possible punishment." *Id.* The court further found that defense counsel had sufficient opportunity to expose the witness's potential bias without disclosing the actual number of years he would have faced on the firearms charge, which the court believed would have certainly prejudiced the defendant. *Id.* The *Cropp* court "embrace[d] this reasoning," noting that the appellants could not demonstrate why "questions about exact sentences feared and sentences hoped for were *necessary* when the jury was already well aware that the witnesses were cooperators facing severe penalties if they did not provide the government with incriminating information." *Cropp*, 127 F.3d at 359 (emphasis in original).

In this case, there is a danger that testimony from cooperating witnesses about the specific sentence they face could provide the jury enough information to infer the potential sentence of Ontiveros. Additionally, the court finds that defense counsel has numerous avenues available to probe the cooperating witnesses' potential motivations, biases, and interests without revealing their specific sentences or sentencing ranges.

## CONCLUSION

Having considered the memorandum filed by the Government and the record currently before the court, for the reasons stated above, the court **GRANTS** the Government's Motion in Limine to Exclude Any Reference to Possible Penalties. (ECF No. 459). References to specific sentences or specific sentencing ranges potentially faced by the Co-Defendants herein or the Government's cooperating witnesses will be excluded. Additionally, references to specific sentences already imposed upon cooperating witnesses will be excluded.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 31, 2014
Greenville, South Carolina